**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 95-50555
Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**WHITNEY BROWN,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-94-CA-349)

_____

January 13, 1997

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Whitney Brown (#42655-080) has appealed the denial of his 28 U.S.C. § 2255 motion.

Brown contends: (1) that the district court violated his right to due process in calculating his criminal history score under the Sentencing Guidelines; (2) that his guilty plea was involuntarily entered and that he should be permitted to withdraw his guilty plea because the trial court failed to ensure that Brown understood the terms of his plea agreement and the consequences of his plea; (3) that the

[*]       Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Sentencing Reform Act did not authorize the Sentencing Commission to adopt the relevant-conduct guidelines; (4) that the district court's reliance on the presentence report violated his confrontation and due process rights; (5) that the relevant-conduct guidelines are unconstitutional and violate Due Process protections because too much authority is delegated to the probation officer in determining whether uncharged conduct is relevant to the offense of conviction; and (6) that his trial and appellant counsel rendered ineffective assistance.

The President signed the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) on April 24, 1996. Pub. L. No. 104-132, 110 Stat. 1214 (1996). This circuit has held that the AEDPA affects the jurisdiction of this court over appeals pending as of April 23, 1996. *Drinkard v. Johnson*, 97 F.3d 751, 754-56 (5th Cir. 1996). Under the amended § 2253, an appeal may not be taken from a final order in a proceeding under § 2255 unless a circuit judge or justice issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B) (as amended). In *Drinkard*, the court held that a certificate of appealability is issued under the same standard as the old certificate of probable cause: that the petitioner has made a substantial showing of a denial of a constitutional right. 97 F.3d at 756. *See* 28 U.S.C. 2253(c)(2) (as amended); *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394-95 (1983).

We construe Brown's Notice of Appeal as a request for issuance of a COA. We have carefully reviewed the record and the briefs. Essentially for reasons adopted by the district court, *see Brown v. United States*, No. SA-94-CA-349 (SA-88-CR-281(1)) (W.D. Tex. Jun. 12, 1995) (unpublished), we hold that Brown has not made a substantial showing of the denial of a constitutional right. Thus, we deny his request for a COA.

**AFFIRMED.**